MARY E. BAKER & another *vs.* EDWARD J. BLOOD.

Worcester. Sept. 30, 1879. — June 24, 1880. ENDICOTT & LORD, JJ., absent.

When this court, by a rule under the Gen. Sts. *c.* 117, § 19, establishing forms to be used in all the Probate Courts, has required the last publication of a notice in probate proceedings to be two days at least before the return day, a Probate Court has no authority to order such publication to be one day at least before such day; and all proceedings based upon such a notice are invalid.

APPEAL by Edward J. Blood from a decree of the Probate Court removing him from the office of guardian of the petitioners. *Colt*, J., affirmed the decree; and the guardian alleged exceptions, which appear in the opinion.

*J. N. Marshall*, for the guardian.

*C. R. Johnson*, for the petitioners.

COLT, J. The citation issued by the Probate Court, upon a petition for the removal of the appellant from his office as guardian, was in this case ordered to be served upon the appellant personally, or by publication in a newspaper three weeks successively, the last publication to be one day, instead of two days, at least, before the return day. It was served by publication, and the last publication was in fact but one day before the court at which the decree for removal was passed. The appellant was not present, and had no actual notice or knowledge of the proceedings. In support of his appeal, he contends that the Probate Court had no jurisdiction, because the order of notice in form and in the service of it failed to comply with an established rule of court requiring the last publication to be two days at least before the return day of the citation.

By the Gen. Sts. *c.* 117, among other provisions regulating the practice and proceedings in Probate Courts, it is required in § 19 that the several judges of probate shall, from time to time, make rules for regulating the practice and conducting the business of their courts in all cases not expressly provided for by law; and shall return a statement of their rules and course of proceedings to this court, as soon as conveniently may be thereafter. The power to make other and further rules from time to time is also given to this court, for the declared purpose of securing regularity and uniformity in the proceedings. Under the provisions of this section, a committee of the judges of the Probate Courts

having prepared forms for proceedings in those courts, upon one general plan and system, and, the same having been examined and approved by this court, it was ordered on January 15, 1862, in order to secure regularity and uniformity in the proceedings of the Probate Courts in the several counties, that they be filed in this court, and recognized as standard forms to be adopted and used in all the Probate Courts of this Commonwealth.*

---

* " Commonwealth of Massachusetts.

" Suffolk ss.                                        Supreme Judicial Court.

" Whereas, by the General Statutes, chapter 117, section 19, it is provided that the several judges of the Probate Court ' shall from time to time make rules for regulating the practice and conducting the business in their courts in all cases not expressly provided for by law, and shall return a statement of their rules and course of proceedings to the Supreme Judicial Court, as soon as conveniently may be after making the same,' and that ' the Supreme Judicial Court may alter and amend the same, and make other and further rules, from time to time, for regulating the proceedings in the Probate Courts as it deems necessary, in order to secure regularity and uniformity in the proceedings.'

" And whereas Judges John Wells and William A. Richardson, a committee of the judges of the Probate Courts, have framed certain forms for proceedings in said courts for the probate of wills, the allowance of foreign wills, the appointment of executors, administrators, special administrators, administrators with the will annexed, administrators *de bonis non* with the will annexed, trustees, appraisers, guardians of minors, insane persons and spendthrifts, and guardians *ad litem*, for accounts, the distribution of intestate estates among widows and next of kin, and of insolvent estates among creditors, for the sale of real estate to pay debts and legacies and more than enough therefor, and for the maintenance of wards and investment, for the adoption of children, the change of names of persons, for setting off dower and making partition of real estate, for allowance to widows, affidavits to perpetuate evidence of notice, and judge's and register's certificates, including petitions, citations, decrees, bonds, oaths, returns and letters, with the necessary records for the same; all upon one general plan and system.

" And whereas said forms have been examined, considered and approved by this court,

" Therefore, in order to secure regularity and uniformity in the proceedings of the Probate Courts in the several counties, it is ordered that copies of all said forms be filed in this court, and recognized as standard forms to be adopted and used in all the Probate Courts of this Commonwealth.

" By the Court,

                                          " Geo. C. Wilde, Clerk.
" Boston, January 15, 1862."

Among the forms so approved and established is the form for citations upon petitions and proceedings pending, by which, when service is by publication, it is required to be once a week for three weeks successively, " the last publication to be two days at least before said court;" and we are of opinion that the form of the citation, and the mode of its service thus fixed, cannot in any material respect be departed from without destroying the validity of all proceedings founded thereon. It has become binding by rule of court, and by § 20 of the same chapter of the General Statutes, the power of the judges to frame forms for process "in conformity with the principles of law and the usual course of proceedings in this State" is expressly limited to cases when no form "is prescribed by statute or the rules of the court." A rule of court thus established has the force of law, and is equally binding upon the parties and the court. It cannot be dispensed with to suit the circumstances of any particular case.

Thus, when a plea in abatement was by mistake not offered until the fifth day of the term, and was then by leave of a judge of the Court of Common Pleas filed as of the fourth day, the filing was held by this court to have been improper, because in contravention of the rules of that court. *Thompson* v. *Hatch,* 3 Pick. 512. The judges of that court were held in another case not to be the final and exclusive judges of the construction and legal effect of their own rules, but their decisions respecting them are matter of law, and subject to the revision of this court. *Rathbone* v. *Rathbone,* 4 Pick. 89. In *Tripp* v. *Brownell,* 2 Gray, 402, where a motion for a new trial was not seasonably filed in a case tried in this court, it was said that a general rule of practice, made by the whole court pursuant to statute, when no discretionary power is reserved, is binding upon a judge at *nisi prius,* and that he has no authority to dispense with it.

In the present case, the appeal is to this court as the Supreme Court of Probate, and the rule in question is one of its own rules. The change from the established form which was here made was a material alteration, because it reduced the required time of notice to which the appellant was entitled. There is no claim that the service of it was sufficient notwithstanding the defect, or that the error was cured by an appearance, or was

otherwise waived. The court had no authority to remove the appellant without the service of legal notice upon him. Gen. Sts. *c.* 109, § 24.

The issuing of a formal and legal notice or citation, and a service thereof as therein directed, were necessary to give the court jurisdiction, and, without considering other objections to the validity of these proceedings, the entry must be

*Exceptions sustained.*