Reichenbacher v. Pahmeyer.

## HENRY A. REICHENBACHER

### v.

## ERNEST PAHMEYER.

| 8 | 217 |
| 107 | 133 |

LANDLORD—LIABLE FOR INJURY RESULTING FROM DEFECTIVE PREM-
ISES.—When a landlord rents premises in a ruinous and dangerous condition,
and an injury result therefrom to a third person, the landlord is liable. Suf-
fering premises to be constructed or to become in a dangerous and unsafe con-
dition, is a nuisance, and if the landlord demise the premises in that condi-
tion, he is liable for injuries resulting therefrom to third persons.

APPEAL from the Circuit Court of Madison county; the Hon.
AMOS WATTS, Judge, presiding.   Opinion filed April 7, 1881.

Mr. CYRUS HAPPY, for appellant; contending for the right
to recover against the landlord, cited Gridley v. City of Bloom-
ington, 68 Ill. 47; Stephani v. Brown, 40 Ill. 428; Shearman
& Redfield on Negligence, § 502; Godfrey v. Hagerty, 20 Pa.
St. 387; Campbell v. Portland Sugar Co. 16 Am. Rep. 503,
Eakin & Brown 1, E. D. Smith, 44; Rosewell v. Prior 12 Mod.
635; Congreve v. Smith, 18 N. Y. 79; Irwin v. Fowler 5 Rob-
ertson, 482.

Messrs. METCALF & BRADSHAW, for appellee.

WALL, P. J.   This was an action on the case by appellant
against appellee.   The court sustained a demurrer to the dec-
laration, and whether that ruling was correct is the question
for consideration.   The third count alleges in substance that
the defendant was the owner of a certain building, erected and
used for a hotel in which was a public bar room.   In said room
was a chandelier for the purpose of holding lamps to be filled
with oil with which to light the room; that said chandelier
was suspended from the ceiling, by the defendant, in so neg-
ligent, careless and inartificial a way, as to be dangerous and
unsafe to use, and that defendant knowing this, leased the
house to one Langley to be used for the purpose aforesaid, and
failed to inform him of the defect, which was not apparent to

an observer; that plaintiff, as an employe of Langley, while in the room attending to his proper duties, and while exercising due care, etc., was injured by reason of the falling of the chandelier from the cause aforesaid, and thereby the plaintiff was severely burned and suffered the loss of his clothing, watch, and other articles that were on his person at the time.

It is a general rule that the owner of a building which is occupied by a tenant, is not responsible for injuries arising from a failure to keep the premises in good repair, unless, first, the landlord had, by express agreement with the tenant, agreed to repair, so that in case of recovery against the tenant he would have his remedy over, and in that case to avoid circuity of action the party injured may, in the first instance, sue the landlord; or, second, unless the premises are let with a nuisance upon them by means of which the injury complained of is received. Gridley v. City of Bloomington, 68 Ill. 47, and the authorities there cited. A nuisance is anything that unlawfully worketh hurt, inconvenience or damage. 3 Bl. Com. 216, and it may result from nonfeasance or negligence as well as from misfeasance or malfeasance: Wood on Nuisances Chap. 1. It is said in Shearman & Redfield on Negligence, Sec. 56: "The rule seems to be that if the injury results from the negligence of the owner either in constructing or upholding the property, he is responsible, but that he is not in general responsible for the negligence of the tenant in the use of the house." Wharton on Negligence, Sec. 727 a, and Wood on Nuisances, Sec. 141. It is also, no doubt, true that in the leasing of premises there is no implied *warranty* that they are fit for a particular use, and that liability, if any, in this class of cases does not spring from contract but must be predicated upon the negligent act or omission of the landlord, the same being the proximate cause of the injury, in reference to a matter where it was his duty to use ordinary care out of respect to the rights of others liable to be thereby directly involved, and for an injury thus arising a recovery may be had where there is no such contributory negligence on the part of the plaintiff as would bar the remedy in other actions for negligence. We have examined a great number of cases touch-

ing upon this subject, and while the peculiar facts of some of them have called out judicial expressions which seem to be somewhat inconsistent with the foregoing views, yet we think they are sustained by ample authority and excellent reason. The case of Godley v. Hagerty, 20 Penn. St. 387, an authority frequently cited in text books and decisions, was a case where the owner of a building erected for rent had constructed it in so imperfect a manner that it was incapable of supporting the burden imposed upon it by the business to which it was appropriated, and during the occupancy in the way originally expected and within the limits of its supposed capability it suddenly fell, injuring a laborer employed by the lessee—the person so injured being guilty of no carelessness. The owner was held responsible, the court saying: " When a man erects a building for rent, the law requires a reasonable share of that regard for human life which he is sure to manifest when he builds for his own inhabitance; if he will build carelessly, unskillfully and negligently, and with insufficient and improper materials, as charged and found in this case, whereby the innocent and unsuspecting are injured, let him respond in damages."

The case of Swords v. Edgar, 59 N. Y. 28, decided by the Court of Appeals in 1874, was where the owner of a pier leased it while in an unsafe condition, owing to a defect in the construction, and during the continuance of the lease the plaintiff's intestate, who was a longshoreman, and by reason of his occupation lawfully using the pier, was fatally injured by the pier giving away from said defective construction. The owner was held liable, and while the opinion was not concurred in by all the judges, it is an able and exhaustive review of the authorities upon the subject. It was said that suffering the pier to be in such a state as to become dangerous to those lawfully using it, was the creation of a nuisance, and that the lessor was liable if he created the nuisance and demised the premises in that condition; and was receiving a benefit therefrom in the way of rent or otherwise at the time of the injury. Todd v. Flight, 99 Eng. C. L. Rep. 377, was a case where it was held that if the landlord rents premises in a

ruinous and dangerous condition, resulting in an injury to a third person, he must respond, and the court, after examining and analyzing a number of cases, remarks, "These cases are authorities for saying that if the wrong causing the damage arises from the non-feasance or misfeasance of the lessor, the party suffering damage from the wrong may sue him, and we are of opinion that the principle contended for on behalf of the plaintiff is the law, and that it reconciles the cases." It would not of course be contended that the landlord could in any case be considered an insurer, or that he impliedly warrants the soundness or security of the structure. He is held to the exercise of ordinary care, but it would be unreasonable to permit him to neglect the ordinary means necessary for safety. As averred by the declaration and admitted by the demurrer in this case, the defendant so carelessly hung the chandelier that it was unsafe. Yet the defect was not observable, and knowing all this he rented the premises to be used for a purpose which made it proper for the plaintiff to be there at the time the injury was received. Had he reasoned upon the subject the defendant must have foreseen that an accident would most likely occur, and that human life would be thereby endangered, and it would be unjust to say that the author of the misfortune should be held blameless, and that the unwary victim should find no remedy. If he did not reason on the subject his position would be no better, so far as the result is concerned. He alone is at fault, the sufferer not at all. He has used his property in such a way as to entail damage upon another who has not by his own negligence contributed to the result, and on plain and elementary principles he ought to make good the loss. The first and second counts in the declaration are not so full and complete in the statement of the negligence of the defendant as the third, and we are not prepared to say that they are beyond criticism, but we think the third is good, and that as to it the demurrer was improperly sustained. For this reason the judgment is reversed and the cause remanded.

Reversed and remanded.