ISAAC GANS, administrator &c., appellant,

*v.*

EMMA DABERGOTT, respondent.

The ninth section of the act concerning executors provides for the issuing of letters of administration where, among other cases, the decedent leaves relations entitled thereto, but they do not apply therefor within fifty days after his death, and the act contains no provision as to giving notice of such application. A rule of the orphans court requires that, in such case, the applicant shall produce the renunciation and request of the person entitled, that letters be issued according to the application, or that the applicant produce proof that ten days' notice thereof has been given to the next of kin.—*Held*, that letters of administration granted to the appellant, as creditor of the intestate, fifty-seven days after his death, without proof of notice to the respondent, his widow, or the production of her renunciation and request, were invalid.

Appeal from decree of Essex orphans court.

*Mr. J. W. Field,* for appellant.

*Mr. A. W. Rosinger,* for respondent.

Gans v. Dabergott.

THE ORDINARY.

Paul Dabergott, who was a resident and inhabitant of the city of Orange, in Essex county, died at sea, September 1st, 1884, leaving a widow (the respondent) in Orange, where he carried on his business. He died intestate. His widow did not take out, nor apply for letters of administration upon his estate within fifty days from his death. On the 28th of October, 1884, fifty-seven days after Mr. Dabergott's death, Isaac Gans, of Orange, claiming to be a creditor of the estate, made application for and obtained letters of administration. The widow had not then applied for letters, nor had she renounced her claim to administration. Nor did she request that Mr. Gans should be appointed. By his petition, Mr. Gans stated that the widow resided in Orange. No notice was given to her of the application, nor had she any knowledge of it. The letters were granted on the same

NOTE.—A court cannot, by the adoption of a rule, deprive a party of a constitutional right, as a trial by jury, *Hinchly* v. *Machine, 3 Gr. 476 ;* but a rule prescribing the mode of drawing the jury, is valid, *State* v. *Boatwright, 10 Rich. 407.*

A rule providing that when proceedings for a road have failed, another application for such road shall not be acted on for a year, is valid, *Towamencin Road, 10 Pa. St. 195 ;* and, a rule that petitions for roads shall only be presented at a regular term of the court, and not at an adjourned session, *Road in Little Britain, 27 Pa. St 69 ;* and, a rule that in certain cases the defendant shall mark on the margin of his plea, " by statute," *Bartholomew* v. *Carter, 3 Mann. & Gr. 125 ;* and, a rule requiring appeals to be taken in *six* months where a statute prescribed *nine* months, *Meloy* v. *Squires, 42 Md. 378 ;* and, a rule that a plea in abatement, if consisting of matter of fact not apparent on the face of the record, must be verified, *Fogg* v. *Fogg, 31 Me. 302 ;* and, a rule in chancery that no deposition shall be read unless it is filed with the clerk on or before the Saturday previous to the sitting of the court, *Maultsby* v. *Carty, 11 Humph. 361 ;* and, a rule limiting the right of witnesses, subpœnaed and attending court in several cases at the same time, to fees for mileage and attendance in one case only, *Meffert* v. *Dubuque R. R. Co., 34 Iowa 430 ;* and, a rule that bail must justify either in the county where the defendant was arrested, or where the action is pending, or where the bail reside—the statute providing that the bail must justify before *a* county judge, *Bonnell* v. *Esterly, 30 Wis. 549 ;* and, a rule requiring a bill of exceptions in a criminal case to be presented and settled within ten days after the verdict, *Haines* v. *Com., 99 Pa. St. 410.*

A rule cannot authorize the illegal admission of evidence, *Kennedy* v. *Mere-*

day on which the petition was filed. On the 15th of November, 1884, the widow appealed, to the orphans court of the county, from the order of the surrogate granting the letters. Mr. Gans, having been duly cited, and the appeal heard, that court reversed the order of the surrogate, and revoked the appointment of Mr. Gans, and granted letters to Mrs. Dabergott. From that order Mr. Gans appealed to this court. The letters to Mr. Gans were issued in disregard of the provisions of the rule of the orphans courts on the subject. The first rule provides that where the application for letters of administration is by a person other than the next of kin or person first entitled, or by one of several equally entitled, the applicant shall produce to the surrogate the renunciation and request of the persons entitled to letters, that letters be issued according to the application, or proof that at least ten days' notice has been given to the next of kin or parties

---

*dith, 3 Bibb 465;* nor restrict the time within which a party may obtain the instruction of the court to the jury before they retire, *Bell* v. *North, 4 Litt. 133;* nor provide that the court would consider all questions decided by the court on the trial as reserved, without a formal exception taken at the time, *Kennedy* v. *Cunningham, 2 Metc. (Ky.) 538;* nor allow a defendant in a divorce suit more than thirty days to answer, where a statute prescribes thirty days as the limit, *Fagebank* v. *Fagebank, 9 Minn. 72;* see *Meloy* v. *Squires, 42 Md. 378;* nor provide that an attorney of record cannot take an affidavit of service of a summons, where a notary, by statute, may take such affidavit, and the attorney of record was also a notary, *Young* v. *Young, 18 Minn. 90;* nor provide that every material amendment *shall be* cause for a continuance, where the statute provides that it *may be* cause, *Colhoun* v. *Crawford, 50 Mo. 458;* see *Adams Express Co.* v. *Trego, 35 Md. 47; Hayward* v. *Ramsey, 74 Ill. 372;* nor require that a motion to dismiss an appeal should be made at the first term, where the appeal-bond was void, *Pickett* v. *Pickett, 1 How. (Miss.) 267;* nor require that a motion in arrest of judgment must be made the day after the verdict is rendered, where the statute provided that a motion for a new trial must first be made, and, if denied, then a motion in arrest, and the defendant moved for a new trial after the verdict, which motion was not overruled until the following day, *Wilkinson* v. *Daniel, Wright 368;* nor require that an application for a new trial must be made on the first Saturday after the trial of the cause, *Pawley* v. *McGimpsey, 7 Yerg. 502;* nor require a defendant to pay the plaintiff $20, for the privilege of answering after his demurrer had been overruled, *People* v. *McClellan, 31 Cal. 101;* nor require a bill of exceptions to be prepared and signed before a motion for a new trial would be heard, *Emery* v. *Emery, 54 Iowa 106;* nor provide that,

Gans v. Dabergott.

by law entitled to the administration, if any, of the application, and that the renunciation and request, if any, shall be recorded in a book to be kept for the purpose. The appellant's counsel insists that the ninth section of the " act concerning executors, and the administration of intestate's estates " (*Rev. 397*), provides for the issuing, without notice, of letters of administration upon the estate of any intestate dying within this state to any fit applicant where the decedent leaves no relations entitled to administration, or where he leaves any, and they do not apply for letters within fifty days after his death. It is true the act is silent on the subject of notice, but the rule applies, and makes notification to, or renunciation and request by those first entitled to letters, a prerequisite to the grant of letters to any other person. The order appealed from will be affirmed, with costs, to be paid by the appellant.

unless the party's request to have the judge's charge reduced to writing be made at or before the beginning of the trial, it shall be deemed to have been waived, *Patterson* v. *Ball, 19 Wis. 243;* nor be inconsistent with a plaintiff's statutory right to locate the venue of his action, *Smith* v. *Danzig, 64 How. Pr. 320;* nor provide that a plaintiff may enter a judgment for want of an appearance, although he has not, as required by statute, filed his declaration prior to the return-day of the writ, *Vanormer* v. *Ford, 98 Pa. St. 177;* nor permit an action *ex contractu* to be brought to trial out of its order on the docket, on the affidavit of the plaintiff, his attorney or agent, of a belief that the defence is made for delay, and notice to the defendant or his attorney, unless it be made to appear satisfactorily that the defence is made in good faith, *Fisher* v. *Nat. Bank of Commerce, 73 Ill. 34;* nor strike out a pleading without notice to the party, *Rice* v. *Ehele, 55 N. Y. 518;* nor alter a statute which gives the plaintiff in an action pending the right to examine the adverse party on oath before service of the complaint, *Glenney* v. *Stedwell, 64 N. Y. 120;* nor require a case for an appeal to be served within ten days after written notice of the decision or ruling, where the statute allows ten days after the entry of the judgment and notice thereof, "or within such time as may be prescribed by the rules of the court," *French* v. *Powers, 80 N. Y. 146.*

It has been held that a court's construction of its own rules may be reviewed on appeal, *Magill's Appeal, 59 Pa. St. 430; Rathbone* v. *Rathbone, 5 Pick. 89; Baker* v. *Blood, 128 Mass. 545; Wall* v. *Wall, 2 Harr. & Gill 79; Abercrombie* v. *Riddle, 3 Md. Ch. 320; Maultsby* v. *Carty, 11 Humph. 361;* but see *Hughes* v. *Jackson, 12 Md. 450; Adams Express Co.* v. *Trego, 35 Md. 47; Gannon* v. *Fritz, 79 Pa. St. 303.*—Rep.