## OLE M. TOMLE
### v.
## LEAH J. HAMPTON.

*Personal Injuries—Defect in Sidewalk Built on Private Property—Action against Owner for Damages—Nuisance—Damages—Measure of—Instructions—Comparative Negligence—Landlord and Tenant.*

1. To the general rule that the landlord is not liable where a third person is injured through a failure to keep in repair premises occupied by a tenant, there are two exceptions: first, when the landlord agrees to keep the premises in repair; second, where the premises were erected with a nuisance upon or connected with them. by means of which the injury complained of occurred.

2. A person who has made a public sidewalk upon his own premises, can not be heard to say, an injury having occurred through a defect therein, that it was not a public way.

3. An unprotected opening in a sidewalk, ten inches wide and five feet long, is a nuisance *per se.*

4. In the case presented, it is *held:* That the appellant can not complain of an instruction setting forth that, if plaintiff was guilty of some negligence, yet if it was slight and the defendant's negligence was gross, when compared with each other, the plaintiff might still recover; that an instruction given by the court on its own motion. though in part irrelevant, states correct propositions of law, and did not mislead the jury; and that the court properly refused to give certain instructions for the defendant, prepared on the theory that the landlord would not be liable if the premises were, at the time of the accident, in possession of a tenant.

5. In actions to recover damages for personal injuries, there is no inflexible rule as to the measure of damages, except that the recovery is limited to compensation for injury and suffering. What is a proper allowance in a particular case, rests in the sound discretion of the jury, subject to review and correction by the court in case of the abuse of such discretion.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. CHARLES WHEATON, for appellant.

Messrs. A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, for appellee.

C. B. SMITH, J. This is an action on the case brought by Leah J. Hampton, a minor, by her next friend, against Ole M. Tomle, the appellant, to recover damages for an alleged injury to plaintiff caused by the alleged negligence of the defendant. The declaration contains several counts. The *gravamen* of the charge is that for ten years last past the defendant owned a business house on the south side of Wilson street, one of the most public streets in the town of Batavia; that the front of said building was abutting the sidewalk along the line of Wilson street; that on the front line of said building there was a glass show window, and that on the front of said building there was an uncovered opening in the sidewalk adjacent to the front wall and running along with the wall and under the show window a distance of five feet in length and ten inches wide; that the hole, when left open, uncovered a vault

or cellar below to the depth of ten feet, and that the defendant had negligently maintained the building for ten years in that dangerous and unsafe condition and rented it to persons for business purposes.

That at the time of the injury complained of it was rented to Vincent & Patchin for a valuable consideration for the purpose of a drug store, and that the plaintiff, in the night time, was sent to the drug store by her parents on a lawful errand, and while looking in the show window at the articles there displayed she fell into and through the opening in the sidewalk, while using all due care, and was injured.

The defendant pleaded the general issue. A trial was had resulting in a verdict for the plaintiff for $2,000, and after overruling a motion for a new trial the court rendered judgment on the verdict. The defendant brings the case here on appeal and assigns the usual errors. In considering the case we shall consider only such assignments of error as have been relied upon by appellant in the argument.

There seems to be no substantial dispute as to the facts, except so far as they relate to the character of the injury received by the plaintiff. The record discloses substantially this state of facts: Appellant was and is the owner of a block consisting of three store buildings in Batavia, fronting on Wilson street, which runs east and west through the town. When this block of buildings was erected the front line of the block was set back from the inside of the sidewalk about six feet, and upon this intervening space between the sidewalk and the front of the buildings the defendant had placed stone flagging up to the front of his buildings, and a little above the edge of the sidewalk, and thereby covered all the open space except the hole before referred to, and increased the width of the public sidewalk that much.

Prior to this injury one Geis occupied the store west of the one involved in this controversy, appellant himself occupying the one next east of it for a furniture store. Vincent & Patchin occupied the drug store as the tenants of appellant, before and at the time of the injury, under a written lease. This written lease contained no provision requiring appellant

Tomle v. Hampton.

to keep the building in repair. Under the drug store and under this opening in the sidewalk was a cellar and excavation about nine feet deep. The cellar was used for the purposes of the drug store and the opening in the sidewalk for light and ventilation to the cellar.

The lower end or bottom of the show window was about eight inches above the level of the walk under the window, and the molding at the bottom of the show window projected out from the surface of the wall about two and one-half inches. Ten years ago there was a board walk immediately fronting this drug store and a railing was then built around this opening in the walk to protect people from getting into it.

Defendant tore away the board platform or sidewalk and the railing around the opening and replaced the boards with stone flagging, but did not replace the guard or railing around the opening he then left; nor did he then or since, up to the time of the injury, place any kind of guard or protection over or around it.

Immediately after plaintiff was hurt he nailed a board over it. This opening was not absolutely necessary either for lighting or ventilating the cellar, although it aided in lighting. There were other openings in the cellar which lighted and ventilated it. The six feet between the sidewalk and the front of the store belonged to the defendant, and the stone flagging was put there by him for the purpose of showing and displaying goods, and it was certainly used by the public just as the sidewalk was used in passing along in front of the stores as well as the approaches to them. The drug store and cellar were in the possession and control of Vincent & Patchin and had been for two years prior to the accident, under a lease from the defendant, and they were paying him rent.

This was the condition of things at that place on the night of the 10th of October, 1883. On that evening, after dark, the appellee, then a little girl nine years old, was directed by her father to go with her brother, a little older than herself, to this drug store, to buy a bottle of Pond's Extract. As they approached the store the appellee noticed several men in the

store and wanted her brother not to go in until the men went out, and while thus waiting they were both attracted to this fatal window to look at a silver butter dish with a picture of a cow on it. Upon stepping up to the window the appellee, not seeing the hole in the sidewalk by reason of the darkness, stepped into it and fell to the bottom of the cellar upon some stone flagging. Up to this point there is no dispute about the facts as we have recited them.

Appellee claims that in falling she received serious and permanent injuries; that she suffered greatly for a long time and was compelled to remain in the house and in bed for a long time and afterward go on crutches, and that she could not go to school for six months or more, and that one limb is now shorter than the other, and that when lying on her right side she has no control of her urinary muscles and that there is an involuntary discharge of urine; that she has never been well since the hurt and that before the hurt she was a healthy and sound child. This condition of plaintiff is supported by several credible witnesses. The defendant, on the contrary, urges that her injuries are but slight and that no permanent injury came to her, and that appellee and her family are "shamming" for the purpose of extorting a large amount of money from the defendant.

The verdict seems large, but there is ample proof in the record to support appellee's claim as to the character of the injury and the nature of her sufferings to justify the jury finding her injuries to be permanent. There is no inflexible rule to measure the damages in such cases, except that it be for compensation for injury and suffering, and its ascertainment must rest in the sound judgment of the jury upon the facts in each particular case, subject, of course, to review and correction by the court for abuse when the court can clearly see that the jury have been governed or influenced by improper motives, such as passion or prejudice, or have clearly mistaken the facts in the case. We can not say in this case that the jury have so far departed from their duty as to justify us in setting aside the verdict on that ground. But the chief contention, in this case, of appellant, is not so much against the

Tomle v. Hampton.

amount of the verdict as against the right of plaintiff to recover at all. Counsel for appellant contends very earnestly in a very elaborate argument that the plaintiff can not recover upon the admitted facts in this case, and bases this contention on the fact that the appellant was not in possession of the building and had no control over it, and owed no duty to the plaintiff in regard to the opening in the walk, and that if there is any liability it is upon the tenants. He contends that it was the duty of the tenants to keep the building in safe repair. The general rule in cases of accident happening to third parties on account of failure to keep the premises which are occupied by tenants in repair, is that the landlord is not liable. But there are two well recognized exceptions to this rule:

1. When the landlord by express agreement with his tenant agrees to keep the premises in repair.

2. If the premises are erected with a nuisance upon or connected with them by means of which the injury complained of occurred, then the landlord is liable.

In this case there was no agreement to repair and if the defendant is liable it is under the second exception to this rule.

In Gridley v. The City of Bloomington, 68 Ill. 47, a flag-stone placed over a vault in the sidewalk by the landlord, was broken, and it was replaced by a defective covering put there by the tenant. The injured party brought suit, but the landlord was held not liable because he did not make the defective walk.

In Miller v. Morrell, 126 Mass. 545, the tenant occupied a house a little back from the street, and a walk led from the street to the house. The injured person was calling on the tenant at night to collect or settle a bill, and in approaching the house he fell off the walk and was injured for want of railing or a light to keep him on the walk. There was no defect in the walk itself. The landlord was held not liable.

In Bryan v. Williams, 87 N. Y. 471, the tenant occupied a building for laundry purposes run by steam from a shaft run through the building. The tenant erected for his own convenience a partition wall running near the shaft. The injured party was passing between the wall and shaft and was hurt and

the landlord was held not liable. The court then uses this language: "*A lessor maintaining structures not* per se *a nuisance, but which become so only by the manner in which they are used by the lessee, is not liable therefor.*" Citing Swords v. Edgar, 59 N. Y. 28; 87 Pa. St. 475 and 126 Mass. 545.

The foregoing cases sufficiently illustrate the rule that the landlord is not liable when the original structure was not *per se* a nuisance.

The distinction recognized in the above cases, however, seem to have been disregarded in King v. Thompson, 87 Pa. St. 475. The facts in that case were almost literally like the facts in the case at bar. A hole sixteen inches wide and three feet long was left in the sidewalk unprotected, in front of a building and in front of a cellar window, for the purpose of light and ventilation. An injury occurred to a person walking into the hole and the landlord was sued, but was held not liable. The ruling in this case can only be harmonized with the general rule stated upon the ground that the court did not regard the hole in the sidewalk as a nuisance *per se*.

But whatever the rule may be in England and in other States we regard the law as well settled in this State, that when a landlord leases premises with a nuisance *per se* attached to them, and an injury results to a stranger, without his fault, then the landlord is liable.

In Stephani v. Brown, 40 Ill. 428, the injury resulted to Brown by falling through a defective grating in the sidewalk. Stephani owned certain premises in Chicago, and for his own convenience and without the authority of the city raised the sidewalk in front of his building and dug a vault under it, and put a wooden grating over a part of the walk in front of the window in the building and adjoining the wall for the purpose of light and ventilation. Afterward defendant, being the owner, leased the premises to a third party, and while the tenant was in possession the plaintiff, in passing along the sidewalk, stepped upon the grating, which, being defective, gave way, and she was precipitated into the vault below and was injured.

It will be seen that the facts in that case were more favorable to the owner of the premises than in the case before us. In that case the owner put a wooden grating over the opening he made in the sidewalk.    In the case before us no covering was put over the hole.    The same defense was made there that is urged here with so much earnestness.    It was contended that if there was any liability it was on the tenant and not the landlord.    But the court held that whoever does anything either on, above or below the street surface to render its use dangerous or hazardous without lawful authority, is guilty of a nuisance, and that persons who suffer injuries therefrom without their fault have a remedy against the author or person continuing the nuisance.

Mr. Justice Breese in giving the opinion of the court in that case further says: "The principal ground of defense relied on by appellants is that they were not in possession of the premises at the time of the accident, but they were leased to Schonthaler, who then was the actual occupant, and therefore they were not responsible.    The proof shows that appellants built the sidewalk as it was at the time of the accident; they were therefore the authors of the nuisance, and, leasing the premises to another, being such authors, they are in law guilty of continuing the nuisance.    Wagoner v. Germaine, 3 Den. 306."

In Gridley v. Bloomington, 68 Ill. 47, the court expressly recognize the authority in Stephani's case and refer to it with approval.    And again in City of Peoria v. Simpson, 110 Ill. 294, the court say: "The owner is liable, if at all, because the premises were let with the nuisance upon them, and that liability, if any existed, continued notwithstanding the possession of the tenant, and continued up to the time of the accident."    The same defense was urged there as here, that the owner was not liable because the premises were leased and in the possession of tenants.    This defense was overruled, although the case was reversed because of an erroneous instruction.

In Reichenbacher v. Pahmeyer, 8 Ill. App. 217, the defendant built a hotel and leased it to a tenant.    Before leasing the

hotel the defendant had suspended a chandelier from the ceiling of one of the rooms in so defective and unsafe a manner that, after the tenant took possession and was using it, the chandelier gave way and fell upon the plaintiff, injuring him, while he was using due care.   The landlord was sued and made the defense that if any liability existed it was upon the tenant and not upon him, but the court overruled the objection and followed the rule in Stephani's case.

The same rule was followed in The Union Brass Manufacturing Co. v. Lindsay, 10 Ill. App. 583.

The foregoing cases decided by our Supreme Court and by this court are all in point, and are conclusive against the appellant and binding upon us.   Appellant seeks to escape the force of these decisions upon the ground that the walk immediately in front of his buildings in which the hole was made was upon his own ground, some six feet from the inside of the sidewalk.   But this can avail him nothing.   He saw fit to make a public sidewalk upon his own premises and invite the public to his stores to trade and to see his wares, and he can not now be heard to say the public had no right there, or that it was not a public way.   We think the hole left in the sidewalk of appellant uncovered or in any way unprotected was a public nuisance *per se.*

It may be true that the chances for adult persons to get into it in the daytime would be remote, but both adults and children have the right and do use streets at night, and they have the right to presume that neither the public nor private individuals have left pitfalls in them.   It is not necessary that a hole in the sidewalk should be large enough for a man to fall in before it can become a nuisance.   Children have as much right to be protected in their persons against dangerous walks in a city as adults, and it is no excuse to say that this hole was only large enough to let the little girl fall through. A hole left in a public sidewalk, without covering or protection, where people constantly come and go, large enough to be dangerous to body or limb, is a public nuisance *per se,* without reference to what the purpose was in leaving it thus.   Nor is there any hardship or inconvenience in this rule.   These

openings under sidewalks are proper and necessary and holes left in the walk are often necessary to their approach, and their protection by grating or other covering is easy and simple without preventing air or light from passing. In addition to the fact that appellant made this hole and must be chargeable with a knowledge of its dangerous character, he was twice warned that some one would be hurt or killed in it. He can not justly complain now that he is called on to pay for damages resulting from his own gross and long continued wilful negligence after he was twice warned of the danger he and others were in.

Lastly, the appellant insists that the court erred in giving the second instruction asked by the plaintiff. That instruction informed the jury that if they found from the evidence that plaintiff was guilty of some negligence, yet if her negligence was slight and the defendant's negligence was gross, when compared with each other, that the plaintiff might still recover. Counsel insist this instruction was like the one given in the C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

We do not think the instructions are alike. The instruction which was held bad in Johnson's case told the jury that, even if they believed Johnson was not exercising ordinary care, that still he might recover, if his negligence was slight, and the defendant's negligence gross when compared with each other. It has been uniformly held in all the cases since Johnson's case, *supra*, was decided, that when the plaintiff did not exercise ordinary care he could not recover, no matter how gross the negligence of the defendant, unless it amounted to a wilful tort. This is the doctrine laid down in the case last above cited, and many cases there referred to. The instruction given in this case did not have that element in it. It stated a correct proposition of law as applying purely to the question of comparative degrees of negligence. The jury had been clearly instructed in other instructions given for both plaintiff and defendant, that the plaintiff could not recover if she had been wanting in reasonable care at the time.

Defendant makes some complaint of the instruction or charge given by the court on its own motion, upon the ground

that some part of it was irrelevant. This observation is correct; but, while some part of it was irrelevant, it stated correct propositions of law and could do the defendant no harm nor mislead the jury.

Defendant's refused instructions are all prepared on the theory that the landlord would not be liable if the premises were in possession of a tenant. They were all properly refused for the reasons heretofore given.

Finding no substantial error in this record the judgment is affirmed.

*Judgment affirmed.*

NOTE.—This case was first heard and considered while Judges Baker and Welch were on the bench, and the judgment was affirmed and the case assigned to Judge Baker to prepare the opinion; but, before the opinion was prepared, he was elected to the Supreme Bench and Judge Welch had died, and the record was again reviewed after Judges Upton and Smith came upon the bench, and again affirmed. This accounts for the delay in filing the opinion.