### LUCIUS W. CRAM *vs.* IRA L. MOORE.

Suffolk.    January 16, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Motion for New Trial — Rule of Superior Court.*

The Superior Court has no power to grant a motion for a new trial made by a party to an action, if the moving party has failed to comply with a rule of that court requiring him to cause a copy of the motion to be delivered to the adverse counsel on the day the same is filed.

MOTION for a new trial of an action in the Superior Court, in which a verdict was returned for the plaintiff.

The defendant, on the day after the verdict was returned, filed the motion in the office of the clerk of that court, on the ground that the verdict was against the evidence and against the weight of evidence, and on the same day notified the plaintiff's counsel, in writing, that such motion had been filed, but furnished him with no copy of the motion as required by Rule XLVI. of that court.*  The plaintiff's counsel made no demand or request for a copy of the motion, and the defendant's counsel

---

* The rule is as follows: " No motion for a new trial shall be sustained in any civil action after verdict, either on account of any opinions or decisions of the judge, given in the course of the trial, or because the verdict is alleged to be against evidence or the weight of evidence, unless, within three days after the verdict is returned, the counsel of the party complaining of the proceedings or of the verdict shall file a motion for a new trial, specifying the grounds of his complaint, and cause a copy of the motion to be delivered to the adverse counsel on the day the same shall be filed; provided, however, that, for good cause shown, the time for filing such motion may be extended by the court."

had no notice that any objection was to be made to the motion for the want of a copy thereof, until the hearing on the motion, which was sixteen days after the filing of the same.

*Hopkins*, J. overruled the motion, solely on the ground that the defendant had not complied with Rule XLVI. ; and the defendant alleged exceptions.

*J. W. Rollins*, for the defendant.

*W. C. Cogswell & F. C. Gilpatric*, for the plaintiff.

BARKER, J. The presiding justice was right in overruling the motion for a new trial, because no copy of the motion had been delivered to the adverse counsel, as required by Rule XLVI. of the common law rules of the Superior Court. A general rule of court duly authorized and made has the force of law, and is binding upon the court and parties, and until repealed must be applied to all cases which come within it. *Thompson* v. *Hatch*, 3 Pick. 512. *Tripp* v. *Brownell*, 2 Gray, 402. *Webber* v. *Davis*, 5 Allen, 393, 394. *Baker* v. *Blood*, 128 Mass. 543, 545. The decision in *Dana* v. *Underwood*, 19 Pick. 99, when properly understood, is not an authority for the contention that the court can disregard a rule, or decline to apply it to a case which comes within it. There a sufficient notice that the party would be required to prove the genuineness of the signature had been given before the adoption of the rule, and the effect of the decision is that the case on that account was not within the operation of the rule requiring written notice of an intention to deny the signature.

The power of the court to set aside a verdict without the motion of either party is not in question in the present case ; nor are we called upon to say whether, under the rule, the court may, after the expiration of the three days, extend the time for filing a motion for a new trial.

*Exceptions overruled.*