## Elizabeth D. Flynn, executrix, petitioner.

Dukes County.    November 7, 1928. — November 28, 1928.

Present: Crosby, Pierce, Carroll, Wait, & Sanderson, JJ.

*Practice, Civil,* Exceptions: allowance and establishment; Common Law Rule 54 of the Superior Court (1915). *Rules of Court. Clerk of Courts. Evidence,* Presumptions and burden of proof.

Upon a petition for the allowance of a bill of exceptions which, when it first was presented to the trial judge more than six years after it was filed, he "refused to entertain . . . on the ground that he was with-

out jurisdiction because of the effect of Rule 54 of the Superior Court of 1915," the petitioner contended that the excepting party never received the notice which the rule requires shall be given by the clerk of the Superior Court to the parties interested and to the justice who tried the case; and also because there was no entry on the docket that any such notice was sent to him. There was nothing in the record which disclosed that docket entries were kept, or were required to be kept, of the notification which the rule directs the clerk to send. *Held,* that

(1) The burden of proof was upon the petitioner to show that the clerk of court did not perform the duty of notification;

(2) There was every inference that the clerk discharged his duty;

(3) The mere fact that the excepting party did not receive a notification from the clerk was not sufficient to overcome the presumption that in fact a notice was sent by the clerk in obedience to the duty imposed on him by the rule;

(4) The petitioner had not sustained the burden of proving that the clerk did not discharge that duty;

(5) The petition was dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Dukes County on October 29, 1927, for the establishment of exceptions, alleged to have been saved by the respondent in a petition for the registration of the title to land at the trial in the Superior Court before *Cox,* J., of an issue framed in the Land Court.

The case was submitted on briefs.

*J. W. Cummings, J. B. Cummings, & J. W. Cummings, 2d,* for the petitioner.

*F. J. Geogan,* for Amoz Smith.

PIERCE, J. This is a petition to establish the truth of exceptions. The material facts are as follows: On January 13, 1915, Amoz Smith, hereinafter called the petitioner, filed a petition in the Land Court to register a large tract of land in Edgartown on the island of Martha's Vineyard. On March 20, 1915, the Attorney General on behalf of the Commonwealth entered his appearance and filed an amended answer in that court. On March 22, 1915, George D. Flynn of Fall River in the county of Bristol filed an answer therein and appeared as an adverse claimant. The Land Court allowed a motion of the petitioner for jury issues, and on April 14, 1915, framed an issue which was sent to the Superior Court for the county of Dukes County and which was filed

in that court on April 27, 1915. The issue was as follows: "Has the petitioner acquired title to the real property described in the petition, by adverse possession, prior to the filing of the petition, and if to a part, to what part?" The issue was tried to a jury on April 30, 1919, and the jury answered: "Yes, to the part belonging to his father by deeds or will prior to 1871. By the word part we mean his father's interest.".

Time for filing motion for new trial was extended ten days from May 2, 1919. On May 10, 1919, the respondent Flynn filed the motion for new trial which follows: "And now comes the respondent George D. Flynn and moves that the verdict be set aside and a new trial granted. (a) Because the verdict is against the evidence and the weight of the evidence. (b) Because the verdict is against the law. (c) Because the verdict was rendered on inadequate instructions. (d) Because the verdict does not give a clear, definite answer to the issue submitted to the jury. (e) Because the verdict is vague, indefinite and confusing. (f) Because the verdict finds adverse possession of an indefinite part and of an indefinite interest. (g) Because the verdict finds adverse possession of the whole interest in a part of the estate and an undivided interest in another part. (h) Because the respondent was compelled to go to trial in the absence of the trial counsel." This motion was denied on October 30, 1920, and the respondent on that day filed a request for rulings (1) "The verdict is vague and indefinite and should be set aside"; (2) "On all the evidence the verdict is vague and uncertain and should be set aside"; and (3) "The instruction about the effect of the petitioner's testimony in the other law-suit was erroneous . . . and is a sufficient reason for setting aside the verdict." Exceptions to the denial of the requested rulings were taken, and a bill of exceptions was filed November 13, 1920, and one on November 22, 1920.

The time for filing exceptions taken at the trial on the issue to the jury had been extended until July 1, 1919, and again until September 1, 1919. The exceptions saved at the trial were filed August 6, 1919. The petitioner was duly notified

of the filing of the two bills of exceptions and was given copies of them. From November 13, 1920, until September 28, 1927, no action of any kind was taken to procure the allowance of either one of the bills of exceptions by the judge who had presided at the trial and denied the request for rulings on the motion for new trial. On the day last mentioned the present petitioner presented the bills of exceptions to the trial judge for allowance. The "judge refused to entertain said exceptions on the ground that he was without jurisdiction because of the effect of Rule 54 of the Superior Court Rules of 1915," which reads: "Bills of Exceptions. Hearings. Allowance. In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested and the justice who tried the case that unless within thirty days thereafter, or within such further time as the justice may for cause allow, the bill of exceptions is presented to the presiding justice for allowance and is by him allowed, it will be dismissed and judgment will be entered as though no exceptions had been filed. If within such time the bill of exceptions is not allowed the exceptions shall be dismissed as of course and judgment be entered as though no bill of exceptions had been filed."

This rule, like all rules of court duly made, "has the force of law, and is binding upon the court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case," *Thompson* v. *Hatch*, 3 Pick. 512, 516, *Cram* v. *Moore*, 158 Mass. 276; "and such rules are to be respected and enforced." *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 481. As matter of law the respondent George D. Flynn knew that the bills of exceptions were without force as such until they were allowed by the trial judge, and he also, as matter of law, knew during all the years after the bills of exceptions were filed in the Superior Court of Rule 54 of that court. With this knowledge he remained inert. His executrix now claims to have his exceptions allowed, if true bills, because he never received the notice which the rule requires shall be given by the clerk of the Superior Court to the parties interested and to the

justice who tried the case; and also, because "there is no entry on the docket that any such notice was ever sent to the respondent."

The burden of proof is upon the excepting party to show that the clerk of court did not perform the duty of notification, if it be claimed, as here, that the exceptions do not fall within the rule because there was a failure so to notify. There is nothing in the record which discloses that docket entries are kept or are required to be kept of the notification which the rule directs the clerk to send. There is every inference that the clerk discharged his duty. The fact that the respondent George D. Flynn did not receive a notification from the clerk is not sufficient to overcome the presumption that in fact a notice was sent by the clerk in obedience to the duty imposed on him by the rule. The present respondent has not sustained the burden of proving that the clerk did not discharge that duty.

*Petition denied.*