**Delores M. EMERY, formerly
Delores M. KELLY, Plaintiff
vs.
Henry Ray GERYK, SR., Defendant**

**No. 339**

District Court, Hampden, ss.
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**May 27, 1982**

John J. Foley, counsel for plaintiff
Richard M. Howland, counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield in the county of Hampden upon Report from the Northampton Division and argued by counsel for both parties.

It is hereby ORDERED: That the Clerk of the Northampton Division make the following entry in said case on the docket of said Court, namely: prejudicial error having been found, the execution is recalled, the judgment entered is vacated; and the case is remanded to Trial Court to proceed in accordance with law with Clerk to notify Defendant to file answer within ten (10) days after date of notice.

Opinion filed herewith. Date: May 27, 1982

Mel L. Greenberg, J.
William T. Walsh, J.
Bernard Lenhoff, J.

A true copy, Attest:

Robert E. Fein,
Clerk, Appellate Division

## OPINION

Lenhoff, J. The trial court's denial of the defendant's motion for relief from judgment is the claimed grievance presented to the Appellate Division for resolution. Said motion seeks relief from the entered judgment in a contract action on a promissory note whereby the plaintiff sought to recover the sum of $13,000.00. The judgment so entered resulted after a default had been declared by the trial court by reason of the defendant's failure to appear at a trial placed on the trial list by the clerk upon request for such marking by counsel for originally named plaintiff.

The record and papers filed in this case indicates that the complaint was filed on December 3, 1975 and served on December 5, 1975. On December 23, 1975, an appearance was filed by the defendant's attorney, who, on that same day, filed a motion to dismiss under Dist./Mun. Ct. R. Civ. P., Rule 19, setting forth therein that the plaintiff failed to join as a party a second individual named as a co-payee with the originally named plaintiff in the promissory note which is the subject-matter of this action. The trial court took no action relating to said filed motion to dismiss. On November 2, 1977, the said second-named individual appeared through counsel, who filed a motion to add said second individual as a party plaintiff. This motion was assented to by both the originally-named plaintiff and the defendant. The trial court never took any action on said motion.

The report clearly reveals that no answer was filed by the defendant.

On May 23, 1979, the attorney for the originally-named plaintiff wrote the trial court clerk requesting that the case be marked for trial on June 11, 1979 at 11:00 a.m., certifying therein that notice therof had been given only to the defendant. The clerk caused the case to be placed on the June 11, 1977 trial list, sending no notice thereof to anyone.

In addition to the notice as aforestated given to the defendant of the trial date, the defendant had also been summoned to appear in court on the day of the scheduled trial. The defendant caused the summons to be returned to court noting thereon in writing: "It is impossible for me to appear on this date. Please call my Doctor E. Hughes on Prospect Street."

Prior to the instant motion for relief from judgment here for consideration, the defendant khad sent a letter to the

trial court which the court treated as a motion for relief of judgment, denying same.

On September 21, 1979, the defendant's attorney filed a motion of withdrawal of appearance. Said motion was not acted upon by the trial court.

The motion for relief of judgment now before this court was filed July 9, 1981 and hearing was held thereon July 27, 1981. The attorney representing the added co-plaintiff informed the trial court that he was aware of the June 11, 1979 trial date. On July 27, 1981, the trial court denied said motion and found (1) notice of hearing sent to and received by defendant; (2) notice of hearing sent to and received by attorney for co-plaintiff; (3) defendant understood that hearing was scheduled for June 11, 1979.

The defendant's motion for relief of judgment is based on Dist./Mun. Ct. R. Civ. P., Rule 60(b) (4) and (6), the defendant contending (1) the defendant's counsel was not notified of the case's trial list marking as required by Dist./Mun. Ct. R. Civ. P., Rule 5 (b) with his then counsel not having withdrawn in accordance with Rule 11 (c); and (2) that the notice informing the defendant that the case was on the June 11, 1979 trial list was not given by the clerk in accordance with Dist./Mun. Ct. Supp. R. Civ. P., Rule 108. In the light of the foregoing, the defendant advances the position that the trial court's judgment should be vacated pursuant to said Rule 60 (b) (4) or (6) "because the neglect of pertinent rules deprived the defendant of essential procedural fairness."

The plaintiff argues that the motion at bar has been filed late as it was offered almost two years after entry of judgment; also, that there is no indication therein that the defendant "had in fact a meritorious defense to the underlying action;" that the judgment as entered is valid; that even if it be inferred that the defendant's named attorney was not notified that the case was placed on the June 11, 1979 trial list, no due process violation is made to appear; that once the defendant no longer was represented by an attorney, notice made to the defendant personally satifies the requirement of Dist./Mun. Ct. R. Civ. P., Rule 5(b); that prior motions by the defendant seeking relief from judgment are an attempt to circumvent time limiting rules for appellate review and, in effect, are prejudicial to the rights of the prevailing party; and, that the trial court did not abuse its discretion in denying the defendant's motion.

A motion for relief from judgment is addressed to the sound discretion of the trial judge. In general, the decision exercising such discretion is not reviewable unless there be a clear abuse of discretion. **Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration and Finance,** 369 Mass. 562, 565 (1976). Consequently, these proceedings bring before this body for determination whether the trial judge's denial of the defendant's motion can be termed or construed as an "abuse of discretion". Usually, abuse of discretion may be found by applying the test that "no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." **Davis v. Boston Elevated Railway,** 235 Mass. 482, 502 (1920). However, 27 Corpus Juris Secundum 294 points out that "judicial discretion is a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not defeat the ends of substantial justice". It means a sound discretion not carried out arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result. We, therefore, examine the record and papers in this case to ascertain whether its particular and peculiar circumstances that prevail should allow and permit the resultant judgment to stand. To conclude, after such examination, that upholding the decision of the trial court would thwart substantial justice to a party litigant's right to be accorded due process of law thereby

threatening what is considered to be right, equitable and just, justifies a determination that abuse of discretion exists.

Our record review reveals the lack of compliance with several of the District/Municipal Court Rules of Civil Procedure. Some are listed and discussed as follows:-

1. The defendant's attorney filed a motion to dismiss setting forth therein that there was a failure to join a party as per Rule 19. This motion was filed under Rule 12, which, so far as is material, reads as follows:-

"(a) When Presented. (1) After service upon him of any pleading requiring a responsive pleading, a party shall serve such responsive pleading within 20 days unless otherwise directed by order of the court. (2) The service of a motion permitted under this rule alters this period of time as follows, unless a different time is fixed by order of the court: (i) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (ii) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(7) Failure to join a party under Rule 19; - - - - - - - - -."

The filing of said motion to dismiss suspended the time in which the defendant's answer was to be filed until ten (10) days after notice of the court's action denying the motion or postponing its disposition until the trial on the merits. The record discloses that the court never acted on this motion.

It is noted that subsequent to the filing of the motion to dismiss, the party alleged not to have been joined did cause a motion to be filed wherein he was added as a party plaintiff, said motion having been assented to by both the plaintiff and defendant originally named in the plaintiff's complaint. We take cognizance of Dist./Mun. Ct. Supp. R. Civ. P., Rule 105, the second paragraph of which states.-

"A motion for leave to amend pleadings shall contain, or have attached to it, the proposed amendment. An amendment of the pleadings agreed to in writing by all of the adverse parties shall take effect when filed, without any action by the Court."

Said portion of Rule 105 quoted above effectively added the co-plaintiff and, in effect, placed the defendant's motion to dismiss in a moot state. However, the trial judge, as stated by the language of the above-quoted portion of Rule 12, should have taken appropriate action to dispose of said motion in order to commence the ten (10) day period for the filing of an answer by the defendant. (Rule revisions in the future may specifically provide a procedure differing from apparent existing called-for judicial action.) Notwithstanding the trial court's inaction relating to said motion, we believe the defendant, upon assenting to the co-plaintiff's motion, should have filed an answer forthwith to cause issue to be joined.

2. In Dist./Mun. Ct. Supp. R. Civ. P., Rule 108, the third sentence of the first paragraph thereof reads as follows:-

"No case shall be placed upon the trial list wherein issues have not been joined."

There being no answer filed by the defendant, issue was not joined. The placement of the instant case on the trial list was in direct violation of the man-

dated prohibition of said Rule.

3. Further, also in said Rule 108, the first sentence of the first paragraph reads:-

"A party desiring to place a case upon the trial list shall file with the clerk a request that the case be placed upon the trial list and a certificate of service of notice thereof on all other parties."

The certificate accompanying the original plaintiff's request to place the case on the trial list mentioned that notice thereof had been given only to the defendant. It failed to contain therein that the co-plaintiff had been notified. Also, as per Dist./Mun. Ct. R. Civ. P., Rule 5 (b), the defendant on the record was represented by an attorney. According to said certificate, said attorney was not notified and there was no order by the court to enable the plaintiff requesting a trial list marking to ignore this particular Rule. We also note that the defendant's attorney had filed a motion to withdraw. However, the trial court never took action thereon as required by Dist./Mun. Ct. R. Civ. P., Rule 11(c).

4. Lastly, we direct attention to the second sentence in the first paragraph of said Rule 108; it states:-

"The clerk shall give all parties entitled to be heard notice of such trial at least seven days before the trial day."

If we assume that issue had been joined thereby placing the case in the proper posture for a trial on the merits, the foregoing rule declares that the clerk notify all parties thereof. Notice that a party is requesting a trial on a certain date may not be the same as the actual date a trial is scheduled by the court. Therfore, a request should be followed by a notice from the clerk. The rule speaks of notice without disclosing whether oral or written. It appears that knowledge of a trial marking is controlling, but we cannot cure the fact that issue has not been joined in the absence of the defendant's answer to give such knowledge binding legal effect. It follows

that a resolution of this part of said Rule 108 not being dispositive of these proceedings, we take no final action thereon of a decisive nature at this time. Suffice it to assert that compliance with the clear import of the employed language of said Rule 108 may avert its being the subject matter of future appellate concern.

Rules of court, duly made, have the force of law. Such rules are binding upon the court and the parties and cannot be dispensed with to suit the circumstances of a particular case. **Flynn, Pet.,** 265 Mass. 310, 313 (1928).

In this case, issue never having been joined as no answer was ever filed by the defendant, the matter never should have been marked or placed on the trial list. Such marking or placement was error either ignored or through oversight overlooked by the parties, the clerk and the trial court. Such error was not rectified by proceeding as if same had not occurred. The taint persists and is adequate basis for relieving the judgment resulting therefrom. To ignore or overlook court rules can only lead to confusion, injustice and a serious attack on due process. Although motions made in pursuance of Dist./Mun. Ct. R. Civ. P., Rule 60 ordinarily should disclose a meritorious defense, **Berube v. McKesson Wine & Spirits Co.,** 7 Mass. App. Ct. 426, 433 (1979) and none appears in the instant motion, we believe that in these particular, prevailing circumstances same is not necessary or required[1] for of greater moment is the promotion and encouragement of an orderly and proper administration of justice by according vitality and force of law to court rules.

Finally, a motion filed under Dist./Mun. Ct. R. Civ. P., Rule 60 (b) must be made within a reasonable time, except there is a one (1) year time limit as to 60 (b) (1), (2) and (3) which cannot be extended. **Chavoor v. Lewis,** 1981 Mass. Adv. Sh. 1467, 1469.

---

[1] In **Berube, supra,** at p. 433, the Court states: "We are not prepared to say that the absence of a finding as to a meritorious claim is automatically fatal to a motion of this type."

Checking the docket, we discover that the defendant was defaulted June 11, 1979; that on June 15, 1979 a motion to remove default was filed which was denied on August 7, 1979; that on August 7, 1979, a letter from the defendant was directed to the trial judge who on August 8, 1979 considered same a motion for relief from judgment; that on September 19, 1979 said motion was denied; on that same day, judgment for the plaintiff was entered; (motion considered by trial judge in relief of judgment apparently filed prior to entry of judgment) and, the motion now before this court was filed July 9, 1981.

As there actually is only one proper motion for relief for judgment filed in this case subsequent to the entry of judgment therein, the argument of the plaintiff that the defendant filed several motions to circumvent time constraints has no merit.

The fact that almost two (2) years have elapsed since judgment is accorded no weight in view of the fact that we consider this case within subdivision (6) of Rule 60 (b) as the interests of justice and fairness require it. In all, we conclude that here peculiar circumstances prevail that do thwart the defendant's right to be afforded due process and that the denial of his motion, being an abuse of discretion in the light of the foregoing, is prejudicial error.

To conclude, as prejudicial error is here present, the execution issued is recalled; the judgment entered is vacated; and, the case is hereby remanded to the trial court with the clerk thereof to notify the defendant to file an answer within ten (10) days after the date of notice to do so. Thereafter, the case is to proceed in accordance with law.

SO ORDERED.
**William T. Walsh, Justice**
**Mel L. Greenberg, Justice**
**Bernard Lenhoff, Justice**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**