SARAH F. STRONG, executrix, *vs.* CARVER COTTON GIN
COMPANY.

Suffolk.    March 10, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Implied in fact.    *Practice, Civil,* Report.

In an action by the owner of a patent, against a corporation, on an agreement im-
plied in fact to pay to the plaintiff royalties on machines made and sold by the
defendant as being covered by the plaintiff's patent although they were not
covered by it, it was not denied by the defendant that for a time an agreement
to pay such royalties might be inferred or implied from its conduct, but it con-
tended that such implied agreement had been terminated by a notice given by
the defendant to the plaintiff that it was not using the plaintiff's patent and did
not intend to pay any further royalties upon the machines it was making and
selling.  There was evidence of the giving of such a notice, but there also was
evidence that after the time when the notice was said to have been given and up
to the date of the writ the defendant's machines continued to be marked, adver-
tised and sold as patented under the plaintiff's patent.  *Held,* that, although the
defendant could at any time have terminated the arrangement under which it
was paying royalties to the plaintiff to which without such arrangement the
plaintiff would have had no claim, yet it was a question for the jury whether the
notice was given, and the fact that the defendant continued to mark, advertise
and sell its machines as made under the plaintiff's patent was some evidence that
it regarded the previous arrangement as still in force, so that it was right for the
presiding judge to leave to the jury the question whether the arrangement by
which the defendant agreed to pay royalties to the plaintiff was in force during
the whole period up to the date of the writ, even if a finding that it was in force
during the whole period would be greatly against the weight of the evidence.
A judge of the Superior Court under R. L. c. 173, § 105, has power in his discretion
to report a case for determination by this court, although his only reason for
doing so is that the losing party by accident or mistake failed to file a bill of
exceptions within twenty days after the verdict, exceptions having been taken
properly at the trial which in the opinion of the judge presented material ques-
tions that should be passed upon by this court.

CONTRACT by Sarah F. Strong, executrix of the will of
Frederick S. Strong, one of the owners of letters patent of the
United States issued to Frederick S. Strong and Frederick C.
Mann on August 22, 1893, for an automatic feed attachment,
against the defendant as exclusive licensee under that patent, to
recover royalties for automatic feed attachments made and sold
by the defendant under the patent and license, the first count for
the recovery of royalties under a contract in writing, and the

second count for the recovery of royalties by virtue of an implied obligation to pay them growing out of the defendant's having sold its machines as and for machines covered by the plaintiff's patent, even although the patent did not cover the defendant's machines. Writ dated September 28, 1904.

In the Superior Court the case first was tried before *Bond,* J. The jury returned a verdict for the plaintiff in the sum of $17,-840.91, and the defendant alleged exceptions, which were sustained by this court in a decision reported in 197 Mass. 53.

There was a new trial before *Brown,* J., who ordered a verdict for the defendant on the first count, and submitted the case to the jury on the second count. On that count the jury returned a verdict for the plaintiff in the sum of $14,250.64. The defendant took various exceptions during the trial, but failed to file a bill of exceptions within twenty days after the verdict. The judge, because such failure was due to inadvertence, and because he was of the opinion that there was a material question of law involved in the exceptions which the defendant intended to file that should be passed upon by this court, reported the case for determination by this court, against the objection and exception of the plaintiff. In the exceptions intended to be filed the defendant contended that upon the state of facts disclosed at the trial there was no evidence upon which the plaintiff could be awarded royalties for the whole period to the date of the writ, that, the defendant having in July or at some time later in 1900 refused to pay further royalties, thereafter the markings and descriptions used by the defendant, as matter of law, were insufficient to impose on the defendant any liability for royalties. The judge, however, left the case to the jury as to the entire period up to the date of the writ, and the jury returned their verdict for the whole period. If the judge should have left the case to the jury as to the whole period, judgment was to be entered on the verdict; otherwise, the case was to be sent back for a new trial.

*R. Cushman,* for the plaintiff.

*J. W. Farley,* ( *W. Quinby* with him,) for the defendant.

SHELDON, J. It is assumed by both parties that the judge of the Superior Court acted rightly in ruling that the machines which had been manufactured and sold by the defendant were

not within the terms of the letters patent held by the plaintiff and Mann, and in ordering a verdict for the defendant on the first count of the declaration. But the plaintiff sought in her second count to hold the defendant for royalties upon the ground that the defendant had manufactured and sold its machines as and for machines covered by the plaintiff's patent, and included within the terms of the written agreement, and so had impliedly agreed to pay royalties upon them according to those terms. *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53. The question now raised upon the report is whether it can be so held for the whole period after July 1, 1900, when the defendant ceased to pay any royalties, up to the date of the writ.

The defendant did not deny that such an agreement, by inference or implication from its conduct, as was alleged by the plaintiff, could be found to have existed for a time, but contended that this had been terminated in July, 1900, or at some later time in that year, by a verbal notice to the plaintiff that the company did not consider that it was using her patent, and did not intend any further to pay royalties upon the machines which it was making and selling. There was also much evidence of a like notice given to Mann, the plaintiff's joint licensor, who was then living. But there was also evidence that after that time and up to the date of the writ, the defendant's machines continued, as before, to be marked, advertised and sold as patented under the plaintiff's patent.

There is no doubt that the defendant, at any time and for any reason, could terminate the arrangement under which it was paying to the plaintiff royalties for which, without that arrangement, she would have had no legal claim. And the testimony at the trial tended strongly to show that the defendant had so acted. But this testimony was for the jury. Even that part of it which was not directly contradicted, such as the testimony relating to the notice said to have been given to Mann, cannot be now regarded as conclusive, for the jury had a right to disbelieve it. *Lewis* v. *Coupe*, 200 Mass. 182, 187, and cases cited. And the very fact that the defendant continued to mark, advertise and market its machines as made under the plaintiff's patent was some evidence that it regarded the previous arrangement as still in force. How far the effect of this was weakened by the

fact that it was done by Mann or under his direction, was for the jury to consider. So, too, it was for the jury to consider how far the weight of this evidence was affected by the fact that after the defendant had once actually terminated the existing arrangement between it and the plaintiff, it would not have been material in this action whether it marked or advertised its machines in one way or another. Although it well might have been expected that the jury would agree with the contention of the defendant, yet we have not the right to interfere with their finding merely because it may seem to have been against the great weight of the evidence. *Saures* v. *Stevens Manuf. Co.* 196 Mass. 543, 547. In our opinion it was for the jury to say whether or not there had been any termination of the arrangement and understanding that they might find had been come to between these parties, and the whole question was rightly submitted to them.

As the question of practice has been argued, we add that we do not doubt the power of a judge of the Superior Court, under R. L. c. 173, § 105, to report a case to this court, even though his motive for so doing is that the losing party by accident or mistake has failed to prosecute exceptions which were properly taken, and which, in the opinion of the judge, presented material questions that should be passed upon by this court. It was for him to determine, in the proper exercise of his discretion, whether he would report the case; *Electric Welding Co.* v. *Prince,* 200 Mass. 386, 391, 392; *Smith* v. *Lincoln,* 198 Mass. 388, 392, and cases cited; and we cannot find in this case any wrongful exercise of that discretion.

In accordance with the terms of the report, the order must be

*Judgment on the verdict.*