EVERETT-MORGAN COMPANY *vs.* BOYAJIAN PHARMACY
& others.

Plymouth.    March 21, 1923. — April 11, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Entry of judgment, Appeal.  *Clerk of Courts.*

Upon an appeal from a judgment for the defendant in an action at law heard by a judge without a jury, the findings of fact and rulings of law made by the judge and requests for rulings made by the parties are not included in the record, and the appeal brings to this court no question of law raised by such requests, findings and rulings.

Where, after an action at law has been heard in the Superior Court by a judge without a jury, the judge in the absence of counsel makes findings and rulings and orders judgment for the defendant, it is premature and improper for the clerk to enter such judgment forthwith without giving to the plaintiff an opportunity to state exceptions under Superior Court Rule 45 of 1923 and to file exceptions under G. L. c. 231, § 113, and Superior Court Rule 51 of 1923; but the impropriety of such action of the clerk is not brought before this court for determination merely by an appeal from the judgment.

Upon an appeal from a judgment for the defendant in an action at law, it appeared from statements of counsel and from docket entries that the judgment was prematurely entered before the plaintiff had had an opportunity to state and file exceptions under Superior Court Rules 45, 51 of 1923, and G. L. c. 231, § 113, and this court, while dismissing the appeal because it raised no question of law, *suggested* that the judgment be vacated and proceedings be taken in the Superior Court by a report by the judge or on exceptions by the plaintiff, allowed to be filed *nunc pro tunc,* as to the Superior Court might seem best, in order to preserve rights of the plaintiff which had not been lost through lack of diligence on his part.

TORT for conversion of drug store fixtures and stock in trade at 500 Tremont Street in Boston. Writ dated July 12, 1916.

In the Superior Court, the action was heard by *Walsh,* J., without a jury. Proceedings after the hearing are described in the opinion. From a judgment for the defendants, the plaintiff appealed.

The case was submitted on briefs.

*W. G. Rowe,* for the plaintiff.

*H. Bergson, F. J. W. Ford & S. Bergson,* for the defendants.

RUGG, C.J. This is an appeal from a judgment in an action of tort. There are printed in what purports to be the record copies of the writ, the plaintiff's declaration, separate answers of the several defendants, plaintiff's requests for rulings, fifteen in number, defendants' requests for rulings, twenty-one in number, findings of fact and rulings of law including rulings upon the requests of both the plaintiff and the defendants, concluding with an order for judgment for the defendants, signed by the judge of the Superior Court who heard the case without a jury, the docket entries and the plaintiff's appeal from the judgment. From the docket entries it appears that the jury was discharged and by agreement of counsel hearing was had before the court on December 6, 1922, that the findings and order for judgment for the defendants was filed by the judge on January 19, 1923, that judgment was entered for the defendants on the same day, and that on January 30, 1923, the plaintiff's appeal was filed.

The judge's findings of fact and rulings of law and the requests for instructions by the parties are no part of the record. They could have been made a part of the record and properly brought to this court only by being incorporated in a report or in a bill of exceptions. This has been decided so often as hardly to require a citation of authorities. See *Cressey* v. *Cressey,* 213 Mass. 191, *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, and cases collected in each opinion. Therefore no question of law raised by such findings and rulings is before us.

It is obvious that judgment for the defendants entered on the same day as the finding of the judge and his order for judgment was premature. It seems apparent from inspection of the papers printed, as well as from the briefs and statement made at the bar, that the findings and rulings of the judge were made after the conclusion of the trial and in the absence of counsel. Therefore, under Rule 45 of the Superior Court (1923), the plaintiff had a right to file a written statement that it excepted thereto within three days after receipt of notice from the clerk of such order, ruling or decision, *Simmons* v. *Poole,* 227 Mass. 29, 34, and by Rule 51 of the Superior Court (1923), and G. L. c. 231, § 113, to

reduce his exceptions to writing and file them within twenty days after the order, ruling or decision was made. This rule was binding upon the judge of the Superior Court, who had no authority to dispense with it. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 125, *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 481, and cases collected in each decision. The last paragraph of Rule 56, authorizing the entry of judgment at other times for cause shown, does not empower the court to shorten the period allowed by G. L. c. 231, § 113, for filing exceptions. There is nothing in the docket entries to indicate that an attempt was made in the case at bar to act under that rule.

Only three classes of cases can now be brought to this court by appeal. This is neither an order sustaining or overruling a demurrer, nor an order based on a case stated, and hence does not belong to the first two classes of cases described in G. L. c. 231, § 96, and *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. Manifestly it cannot be brought before us by appeal unless it falls within the third class there described, viz., "Where an order has been entered 'decisive of the case founded upon matter of law apparent on the record.'" Premature entry of a judgment cannot by any reasonable interpretation fall within that description. The order for judgment was founded upon the findings of fact made by the judge and his rulings of law and upon nothing else. Therefore the case is not rightly here by appeal.

The plaintiff appears to have been deprived of his right under the statute and rules of court to present and have allowed his exceptions. If that be so, it is an injustice which ought to be remedied. The premature entry of the judgment would seem to have been a clerical error arising from misunderstanding, accident or mistake, which should be corrected by the Superior Court by setting aside the judgment in order to make its record conform to the truth. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. *Commonwealth* v. *Soderquest*, 183 Mass. 199, 200. *Reno* v. *Cotter*, 236 Mass. 556. If the facts are as we assume them to be, doubtless this would have been done forthwith if the matter had been called to the attention of the judge who heard the case. It may be done now. It was said at the bar that the plaintiff seasonably claimed his exceptions under Rule 45, but that the clerk refused to receive its written statement to that effect because the case had gone to

judgment. Whether exceptions were offered for filing within the time required by law does not appear. If these steps were seasonably taken by the plaintiff, doubtless their entry *nunc pro tunc* as of the dates when offered for filing would be ordered, *Perkins* v. *Perkins*, 225 Mass. 392, after the record has been corrected by setting aside the premature entry of judgment. If exceptions were not offered for filing seasonably because of the premature entry of the judgment, then the judge after the record is corrected will probably report the questions of law intended to have been saved by the defeated party under the power conferred by G. L. c. 231, § 111. *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212. *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558, 560. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148. See *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298.

The plaintiff also has a right to file petition as a separate proceeding to vacate the judgment under G. L. c. 250, §§ 15–20. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 422, 423. *Shour* v. *Henin*, 240 Mass. 240. *Maker* v. *Bouthier*, 242 Mass. 20. Whether that would relieve it against failure to claim exceptions and to reduce exceptions to writing and file them as required by the rules of court and the statute need not be considered. It hardly can be presumed that the discretionary power to report the questions of law actually raised, which is vested in the trial judge, after the erroneous judgment has been vacated, will not afford to the plaintiff adequate redress for any real injustice suffered by it.

*Appeal dismissed.*