ALLIS-CHALMERS MANUFACTURING COMPANY *vs.* FRANK RIDLON COMPANY.

Suffolk. November 16, 1923. — February 27, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil*, Appeal, Auditor's report, Rule 30 of the Superior Court (1923), Exceptions.

After an auditor, to whom had been referred an action of contract upon an account annexed, had filed a report and a supplemental report, the plaintiff filed a motion for judgment to be entered according to the reports, and the motion was allowed. Two days after the allowance of the motion, a judge of the Superior Court filed a paper entitled " Finding," which read as follows: " The court finds for the plaintiff on the auditor's report, and assesses damages " in a certain sum. Three days later the defendant filed a claim of " appeal from the finding and order of court." At the argument of the appeal in this court, the defendant contended only that the trial judge did not follow the procedure pointed out by Rule 30 of the Superior Court (1923). *Held*, that

(1) Such contention was not open to the defendant on the record;

(2) The record did not show that the Superior Court had failed to conform to the provisions of Rule 30;

(3) No matter of law decisive of the case in this particular was apparent on the record.

CONTRACT upon an account annexed containing items amounting in the aggregate to $4,638.30. Writ dated July 15, 1920.

In the Superior Court, the action was referred to an auditor. Material proceedings relating to the auditor's reports and the trial in the Superior Court are described in the opinion. The action was heard by *McLaughlin*, J., without a jury. There was a finding for the plaintiff in the sum of $5,349.28. The defendant appealed " from the finding and order of court."

The case was submitted on briefs.

*R. H. Willard & M. J. Mulkern*, for the defendant.

*R. S. Wilkins*, for the plaintiff.

RUGG, C.J. This case comes before us on appeal from an order for judgment. It is an action in contract. Its

course was this: After the filing of a declaration upon an account annexed and an answer setting up several defences, the case was referred to an auditor who on May 31, 1923, filed an exhaustive report, and on July 2, 1923, also a supplemental report covering a statement of the defendant's exceptions. The plaintiff on June 4, 1923, filed a motion that judgment be entered according to the report of the auditor. That motion was allowed on July 18, 1923. On July 20 the judge of the Superior Court filed this " Finding: " — " The court finds for the plaintiff on the auditor's report and assesses damages in the sum of Five thousand three hundred forty-nine dollars and twenty-eight cents ($5,349.28)." On July 23, 1923, the defendant filed a claim of " appeal from the finding and order of the court entered July 20, 1923."

It is stated in the defendant's brief that the rule to the auditor contained no direction that his finding of facts should be final and that there was no claim for jury. The only points argued by the defendant relate to the procedure and practice under Rule 30 of the Superior Court (1923), which authorizes, under stated conditions, the entry of judgment upon an auditor's report. Succinctly stated, the argument is that the court did not follow the procedure pointed out by that rule. Reliance is placed upon what has been decided in *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, and *Sherry* v. *Littlefield*, 232 Mass. 220. Those questions are not open to the defendant. The case comes before us on appeal. It is assumed in favor of the defendant that the appeal is rightly here. It was decided in *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134, that under G. L. c. 231, § 96, " appeal now is available as a means for bringing to this court for review errors of law alleged to have been committed by the Superior Court in civil actions or proceedings at law in only three instances: First, where an order has been entered sustaining or overruling a demurrer on the ground that the facts pleaded do not in law support or answer the action; Second, where an order for judgment has been entered on a case stated; and Third, where an order has been entered ' decisive of the case founded upon matter of law apparent on the record.' " Manifestly the

case at bar cannot fall within either the first or second class of cases thus enumerated. It does not come within the third class of cases. The printed record does not show that the Superior Court failed to conform to the provisions of Rule 30. For aught that appears, the judge may have held a hearing after reasonable notice upon the motion for the entry of judgment according to the auditor's report in which both parties participated, and decided upon sufficient evidence and in accordance with correct rules of law that no cause appeared or was shown why judgment should not be entered on the auditor's report. No matter of law is apparent on the record in this particular decisive of the case. If any error of law was thought by the defendant to have been committed by the trial judge in dealing with the motion for judgment in accordance with the auditor's report, that alleged error ought to have been embodied in a bill of exceptions setting out in detail the facts, rulings of law, and steps in the procedure. It cannot under the statute and decision just cited be raised by way of appeal on such a record as the present. Whatever other points, if any, were open to the defendant on this record must be treated as waived, because not argued. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508.

*Finding and order for judgment affirmed.*