MELROSE OPERATING COMPANY *vs.* STANLEY S. PORTER.

Middlesex.   December 7, 1925. — May 28, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Summary Process for Possession of Land.   Landlord and Tenant,* "Option of renewing" lease at increased rental.

A lease of a store and basement room for a term expiring April 1, 1923, at $25 per month contained a provision, "It is also agreed that the Lessee may have the option of renewing said lease for the term of Five years from April 1, 1923, at a rental of $30.00 per month said rent to be paid on the First day of each and every month." After April 1, 1923, the lessee paid $30 a month to a successor in title to the lessor for several months and he accepted the payments. No formal renewal of the lease was made. Thereafter the successor in title to the owner gave the lessee notice to vacate and, upon his failing to do so, brought a writ of summary process for possession. *Held,* that

(1) The continued occupation by the lessee and payment and acceptance of the increased rent without proof of any formal election were undisputed facts showing a decision by the lessee to occupy for the additional term and an exercise of the option of renewal;

(2) It was the duty of the lessor's successor to make, execute and tender to the defendant for his acceptance and signature a lease in proper form for the new term as defined in the covenant;

(3) The lessee was not in default and was rightfully in possession;

(4) Judgment must be entered for the defendant; *Leavitt* v. *Maykel,* 203 Mass. 506, distinguished.

SUMMARY PROCESS for possession of a store and a basement room at 449 Main Street, Melrose. Writ dated June 6, 1924.

In the Superior Court, the action was heard by *Broadhurst,* J., without a jury, upon an agreed statement of facts. The judge ordered judgment for the plaintiff. The defendant appealed.

The case was submitted on briefs.

*C. L. Allen & J. F. Morgan,* for the defendant.

*E. M. Dangel,* for the plaintiff.

BRALEY, J. This is an action of summary process to recover possession of a store and basement which are alleged to be held by the defendant unlawfully and against the right

of the plaintiff.    G. L. c. 239, § 1.    The case was submitted to the trial court on an agreed statement of facts and after a finding and order of judgment for the plaintiff the case is before us on the defendant's appeal.    *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41, 42.

The plaintiff's predecessor in title executed and delivered to the defendant a lease of the premises for a term of three years from April 1, 1920, under which he entered into possession and duly paid the rent at the rate reserved of $25 a month payable monthly until April 1, 1923.    The lease however contained a covenant which in so far as material reads: "It is also agreed that the Lessee may have the option of renewing said lease for the term of Five years from April 1, 1923 at a rental of $30.00 per month said rent to be paid on the First day of each and every month."    But no new lease was executed or any extension in writing made.    The lessee after the expiration of the term paid the increased rent to the lessor and after the change in title he paid it to the plaintiff for several months.    The plaintiff at some time, the date of which is not stated, gave the defendant notice to vacate, and upon his failure to quit the present action was brought.

The question raised at the trial was, "Whether the payment by the defendant and the acceptance by the plaintiff and his predecessor in title, of the increased rent . . . established the right of the defendant to possession for the additional period of five . . . years from the first day of April, 1923."    The right of the plaintiff to maintain the action depends upon the construction of the covenant.    *Howard* v. *Merriam,* 5 Cush. 563.    *Hayden* v. *Ahern,* 9 Gray, 438, 439. If the option was exercised there would be a present demise to take effect at the expiration of the first term.    The continued occupation by the lessee and payment and acceptance of the increased rent without proof of any formal election were undisputed facts showing a decision by the lessee to occupy for the additional term and an exercise of the option of renewal.    *Kramer* v. *Cook,* 7 Gray, 550.    *Kimball* v. *Cross,* 136 Mass. 300.    *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267.    *Ferguson* v. *Jackson,* 180 Mass. 557.    *Wood* v. *Edison Electric Illuminating Co.* 184 Mass. 523.    It may be con-

ceded as contended by the plaintiff, that under *Leavitt* v. *Maykel*, 203 Mass. 506, the occupation after the expiration of the original term did not of itself constitute a renewal of the lease. But it was the duty of the lessor to make, execute and tender the defendant for his acceptance and signature a lease in proper form for the new term as defined in the covenant. *Judkins* v. *Charette*, 255 Mass. 76. While the plaintiff after acquiring title could have done so, it chose to remain inactive, and accepted the increased rent. The defendant accordingly not being in default, the notice of the plaintiff to vacate on the validity of which its right to summary process rests, is a nullity, leaving the defendant in lawful possession of the premises. The judgment for the plaintiff is reversed, and judgment is to be entered for the defendant. *Judkins* v. *Charette, supra.*

*So ordered.*