<hr />

FREDERICK W. BURNHAM *vs.* MARGARET DOLLARD.

Franklin.    September 18, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Appeal.

A plaintiff in an action of contract in the Superior Court, in which, after hearings by an auditor under a rule providing that his findings of fact should be final and the filing of his report, a motion by the defendant for judgment in his favor had been allowed and an order for such judgment entered, has no right of appeal to this court after twenty days from the order of judgment, although judgment was not entered until the first Monday of the month following twenty days after such order and the plaintiff appealed within twenty days after the entry of judgment.

CONTRACT. Writ dated March 7, 1928.

Proceedings in the Superior Court are described in the opinion. The order for judgment was entered by *Lummus,* J.

The case was submitted on briefs.

*H. J. Field,* for the plaintiff.

*C. Fairhurst,* for the defendant.

WAIT, J.   The plaintiff has appealed from a judgment entered by the Superior Court after a hearing upon the report of an auditor whose findings of fact were to be final. The report and a motion for judgment thereon for the defendant were filed on May 23, 1929. The motion was allowed and an order for judgment for the defendant was made on July 25.   Judgment was entered thereon September 3, and on September 4, 1929, the plaintiff filed an appeal.

Under the law as it has been since St. 1918, c. 257, § 432, now G. L. c. 231, § 96, no right of appeal was in the plaintiff. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462.   *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41.   The appeal must be from an order for judgment. *Cheraska* v. *Ohanasian,* 259 Mass. 341, 344, 345.   As was pointed out in *Everett-Morgan Co.* v. *Boyajian Pharmacy, supra,* no judgment properly can be entered until time for filing exceptions has expired after the making of the order. An appeal must be claimed within twenty days after the order for judgment is made.   G. L. c. 231, § 96.   There were no exceptions.   No appeal had been claimed at the end of twenty days after July 25.   The case, therefore, was ripe for judgment on the third day of the following September, and on that day judgment was entered properly.

The plaintiff contends that the report of the auditor, where under the rule appointing him, or by consent of the parties, his findings of fact are to be final, may be treated as a "case stated."   *Daley* v. *Legate,* 169 Mass. 257, 259, (*Frati* v. *Jannini,* 226 Mass. 430, and cases cited), and thus the case can be brought within one of the classes in which an appeal is allowed.   He fails to observe, however, that, even then, the appeal must be from an order for judgment and not from a judgment.

*Appeal dismissed.*