NATHAN KLICKSTEIN *vs.* CHARLES M. NEIPRIS.

Middlesex.   May 9, 1933. — May 23, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Renewal of lease.

A provision of a lease gave the lessee an option to renew it for two years at a smaller monthly rent. In an action for rent, it was undisputed that the defendant occupied the premises for nineteen months after the expiration of the original term and during those months paid the reduced rent, which the plaintiff accepted, and then vacated the premises after giving a notice to quit sufficient to terminate a tenancy at will. The rent sought was for a period after the defendant's vacation of the premises. There was controverted testimony showing an express oral agreement between the parties to renew the lease after the expiration of the original term. The jury, in answer to a special question, found that there was no such oral agreement. The trial judge thereupon ordered a verdict for the defendant. *Held,* that

(1) In the circumstances, the trial judge properly refused a ruling that payment by the defendant of the reduced rent and acceptance thereof by the plaintiff, without more, showed a decision by the defendant to occupy for the additional term and in substance and effect constituted a renewal of the lease: the question, whether there had been a renewal, must be determined on all the evidence;

(2) There was no error in the ordering of a verdict for the defendant.

CONTRACT for rent. Writ in the First District Court of Eastern Middlesex dated January 18, 1932.

Upon removal to the Superior Court, the action was tried before *Morton,* J. The facts, that the defendant

occupied the premises in question until October 31, 1931, and that he paid rent to that date after March 31, 1930, at the rate of $62.50 per month, were undisputed. Material evidence is stated in the opinion.

Among other rulings requested by the plaintiff, the judge refused the following:

"The payment by the defendant of the decreased rent established the right of the defendant to possession for the additional period of two years from the first day of April, 1930.

"The payment by the defendant of the decreased rent and the acceptance of the same by the plaintiff without proof of any formal election were undisputed facts showing a decision by the lessee to occupy for the additional term and an exercise of the option of renewal."

"No writing was necessary and no formal action if in fact the lessee elected to hold for the longer term the defendant is liable . . . ."

"No formal election or notice was necessary to the continuance of the lease for the additional term of two years.

"The court must rule that if the lease was not renewed for the additional term of two years, it was extended for that period and the defendant is liable . . . ."

After the jury had answered a special question, as described in the opinion, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. R. Goodland*, (*M. Goldstein* with him,) for the plaintiff.

*J. M. Maloney*, (*A. W. Wunderly* with him,) for the defendant.

RUGG, C.J. The plaintiff seeks in this action of contract to recover rent for November and December, 1931, and January, 1932, at the rate of $62.50 for the demised premises. Undisputed facts are that the plaintiff and defendant entered into a written lease of the premises for the term of one year commencing April 1, 1929, and ending March 31, 1930. The lease contained the following words: "with the option to renew this lease for two years more at the expiration hereof, yielding and paying therefor the rent of eight hundred ten dollars ($810.00) per year for the first year in

equal monthly payments of sixty-seven dollars and fifty cents ($67.50) on the first day of each and every month; for the period of said option the rent is to be $750.00 per year, payable $62.50 on the first day of each month." The defendant occupied the premises during the term until March 31, 1930, and thereafter for a further period until October 31, 1931, when, having given a month's notice of his intention to do so, he vacated them. The principal controversy at the trial was whether the defendant had exercised the option to renew and therefore could not terminate the tenancy by the month's notice to quit. The defendant paid the rent for the nineteen months he actually occupied the premises after the termination of the original lease at the reduced rental of $62.50 per month and the plaintiff accepted those payments. The notice to quit was sufficient in form to terminate a tenancy at will. No new lease had been made out and the option had not been accepted in writing. There was testimony to the effect that at the expiration of the original lease the defendant came to the house of the plaintiff, handed him a check for the decreased monthly rental, being $5 less than the rent reserved in the original lease, and said, "that is according to our option which I am going to exercise," or "which I am taking up," and the plaintiff replied that it was all right. There was some confirmatory testimony as to circumstances that when the defendant moved out of the premises he brought the keys to the plaintiff who said "I suppose you know you have a lease"; the defendant replied, "Yes," and the plaintiff added, "I am going to hold you to it." The defendant testified denying that any such conversations ever occurred. The presiding judge charged the jury that the lease as matter of law might be renewed by an oral agreement, and gave instructions at some length touching the proof of an oral agreement. Since no exception was saved respecting the charge, its correctness is not before us. He concluded by saying that the real question in the case was whether there was an oral agreement to renew. He asked the jury to answer the question, "Did both parties orally agree to renew the lease?" The jury answered, "No." Thereupon

a verdict was ordered for the defendant. The plaintiff excepted to the order directing a verdict on the answer of the jury. The plaintiff also requested several rulings which it is not necessary to review. The only question argued by the plaintiff is that there was error in directing a verdict for the defendant upon the finding of the jury that there was no oral agreement to renew the lease. His contention is that the payment of rent by the defendant at the lower rate stipulated in the option for renewal and the acceptance of said rent by the plaintiff constituted an exercise of the option of renewal by the defendant.

It is plain that the clause in the lease constituted an option for renewal. An option for renewal "imports the giving a new lease like the old one, with the same terms and stipulations; at the same rent and with all the essential covenants." *Cunningham* v. *Pattee*, 99 Mass. 248, 252. *Shannon* v. *Jacobson*, 262 Mass. 463, 466. The distinction between an option for renewal of a lease as thus described and an option for the extension of a lease is plain. The latter requires or contemplates not the execution of a new lease but simply continuance of the original lease for a further time upon compliance with the conditions for the exercise of the option. This distinction is firmly established. *Shannon* v. *Jacobson*, 262 Mass. 463, at page 466.

In *Leavitt* v. *Maykel*, 203 Mass. 506, there was a lease containing an option for renewal for a further term of two years upon the same terms. The rent for the term covered by the lease was fully paid and the tenant remained in occupation eight months after the expiration of the term and during that period made monthly payments of rent to the landlord at the rate prescribed by the lease. The tenant then moved out giving only three days' notice and the landlord brought action for rent. It was said by Chief Justice Knowlton, speaking for the court, at page 509, concerning the clause in the lease giving the tenant an option to renew: "It gave the lessees a right to have a renewal of the lease for two years more, but without a formal renewal or something equivalent to it, it did not extend the term through this additional period. . . . Under the language

used in the present lease, it was necessary that there should be, either the making of a new lease for the additional term, or a formal extension of the existing lease, or something equivalent thereto, in order to bind both parties for a period of two years more." To the same effect are *Hanna v. County of Hampden*, 250 Mass. 107, 109, *Wit v. Commercial Hotel Co.* 253 Mass. 564, 570, *Judkins v. Charette*, 255 Mass. 76, 80, 81, *D. A. Schulte, Inc. v. Brockton Young Men's Christian Association*, 273 Mass. 335, 342.

The case at bar did not stand solely upon the continued occupancy of the premises by the lessee and payment and acceptance of the rent at the new rate. Therefore *Melrose Operating Co. v. Porter*, 256 Mass. 138, is not applicable. In the case at bar there was express testimony tending to show an oral agreement to renew the lease. The case was to be tried upon all the evidence. In the light of the testimony requests for rulings were rightly refused to the effect that payment by the defendant for the decreased rent and acceptance of the same by the plaintiff without more showed a decision by the lessee to occupy for the additional term and in substance and effect constituted a renewal of the lease. The case is governed by the principle declared in *Leavitt v. Maykel*, 203 Mass. 506, and in *Judkins v. Charette*, 255 Mass. 76.

If anything was said in *Melrose Operating Co. v. Porter*, 256 Mass. 138, inconsistent with this conclusion, it must be taken to be limited by what is here decided and by the authorities here cited.

*Exceptions overruled.*