Jones, P. J.
This is an action of tort in which the plaintiff seeks to recover damages as a result of personal injuries caused by the negligence or gross negligence of the defendant in the operation of a motor vehicle which was in collision with another motor vehicle. The answer is a general denial and plea of contributory negligence on the part of the plaintiff. After hearing the evidence the court found for the plaintiff.
The issue before us arises from a denial of plaintiff’s motion to dismiss defendant’s draft report upon the merits of the case, which was filed December 5, 1935; the trial judge found as a fact that the defendant by his attorney, in the usual course of business on December 5, 1935, caused to be mailed a copy of his draft report to the attorney for the plaintiff postage prepaid to 220 Broadway, Chelsea; that said draft report was in fact never received by the attorney for the plaintiff; that the plaintiff’s address is 203 Broadway, Chelsea, as appears on the writ, summons, declaration and other papers filed in court by the plaintiff and that all communications and notices other than the copy of the draft report sent by the attorney for the defendant to the attorney for the plaintiff which were addressed to 203 Broadway, Chelsea, Mass., were received by the plaintiff.
Rule XXVIII of the Rules of the District Courts, 1932 Ed., provides that a copy of the draft report “shall be delivered or mailed postpaid” by the party requesting the report “to the adverse party before the close of the next business day after such filing.”
Rule VIII provides that the name of the attorney for every party shall be entered upon the docket as they appear upon the paper or papers constituting the appearance, or upon some other paper transmitted to the clerk therewith, . . . The court and parties . . . may rely on action by, *299 and ‘notice to, any attorney previously appearing, and on notice at an address previously appearing on the papers.
Rule III provides that a notice to a party required by or given in pursuance of these rules or any statute relative to procedure not requiring a different notice shall be in writing and, except as otherwise permitted by Rule VIII, shall be given to such party or his attorney or any of his attorneys by delivering the same personally to him, or by mailing the same, postage prepaid, to him at his business address or the address entered under Rule VIII.
These are the only rules applicable to the matter. The court found as a fact that the defendant failed to comply with Rule III in that he sent the notice of the draft report and copy thereof not to the address appearing on the papers 203 Broadway, Chelsea, but to 220 Broadway, Chelsea, so that the copy of the draft report was neither delivered nor mailed postage prepaid to the address of the attorney for the defendant as required by Rule XXVIII. The trial judge was in error in denying the motion to dismiss the report. The rules have “the force of law” and it has been said “binding upon the court as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case.” Thompson v. Hatch, 3 Pick. 512, 516, Cram v. Moore, 158 Mass. 276, “and such rules are to be respected and enforced.” Farnham v. Lenox Motor Car Co., 229 Mass. 438, 481. Flynn, Petitioner, 265 Mass. 312.
The trial judge proceeded after overruling the plaintiff’s motion to establish a report.
The defendant contends that the report is properly here" before us because under the provisions of G-. L. (Ter. Ed.) c. 231, under §108, a single justice may after decision thereon report for determination by the Appellate Division any case in which there is an agreed statement of facts or a finding of the facts in any cause involving questions of law only. *300 The case of Chartok v. Dix, 222 Mass. 226, 229, recognizes the rule and also the reason for mitigating the apparent hardship thereunder given to a judge under sec. 106, whereby if in his discretion the issues involved so justify he is able to make a report to the appellate tribunal. The trial judge could, therefore, have exercised this power and voluntarily reported the case to the Appellate Division, but the report does not indicate that in allowing the same he was acting under this discretionary power. It rather shows that he allowed the report as of right. The erroneous denial of the notice seems to so indicate. An examination of the cases indicates that if the trial judge is reporting the case under his discretionary power it should so appear in the report.
In Strong v. Carver, 202 Mass. 209, 210, it is held that a superior court judge has power, in his discretion, to report a case to this court, although his only reason for doing so is that the losing party by accident or mistake failed to file a bill for exceptions within twenty days after the verdict, exceptions having been properly taken after the trial. The record in the latter case shows that the judge reported the case because “he was of the opinion that there was a material question of law involved in the exceptions which the defendant intended to file that should be passed upon by this court (Supreme Judicial Court) ” and reported the case for determination against the objection and exception of the plaintiff.
In the case of Barnard Mfg. Co. v. Eugene C. Andres Company, 234 Mass. 152, there was a memorandum by the judge in the bill of exceptions that one of the parties was held to have lost his rights to exceptions and the rule we are discussing was recognized in the disposition of the case.
In Leland v. Order of United Commercial Travelers, 233 Mass. 558, 559, the case contained the statement by the judge that “in addition to and independent of any rights *301 that the plaintiff may now have I am of my own volition and in the exercise of my discretion and because I believe that justice requires it, now reporting the case to the Supreme Judicial Court.”
Undoubtedly, therefore, upon the authority of the cases last above cited, the trial judge could have allowed a report in the case even if he had allowed the plaintiff’s motion to dismiss the report and then reported the case under the discretion reposed in him by §108, above mentioned. The recognized rule is laid down in Everett Morgan Company v. Boyajian, et als., 244 Mass. 460, 463.
In the absence of anything affirmative to this effect in the report, we cannot say that it is based upon the discretionary power of the court to report the question involved to this Division. It may be that even now the trial judge will deem that justice requires the exercise of his discretionary power to report the questions of law actually raised in the trial of the case, notwithstanding the vacating of the denial of the motion and thereby afford the defendant adequate redress for any injustice that was done in the trial of the case. Everett Morgan Company v. Boyajian, et als., 244 Mass. 460, 463.
We feel constrained to reverse the denial of the motion and sustain the same. The entry will be made, — Denial of motion reversed, motion allowed.