JOHN D. MARTIN *vs.* ALDERMEN OF NEWTON & another.

Middlesex.   October 5, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Practice, Civil,* Appeal, Order for judgment.

An order entered in a mandamus case after trial captioned "Final Judg-
ment" and providing that "final judgment [for issuance of the writ]
be and hereby is entered" was only an order for judgment and was
not one "decisive of the case founded upon matter of law apparent on
the record," and an appeal from such order did not lie under either
G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, or c. 231,
§ 96, and must be dismissed.

PETITION for a writ of mandamus filed in the Superior
Court on December 28, 1955.

The case was heard by *Paquet,* J.

*Matt B. Jones, Jr.,* City Solicitor, for the respondents.

*James G. Fay,* (*David Sanderson* with him,) for the peti-
tioner.

RONAN, J.   This purports to be an appeal under G. L.
(Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from
a final judgment upon a petition for a writ of mandamus
ordering the respondents to reinstate the petitioner to his
office of comptroller of accounts of the city of Newton with
the payment of a certain amount for back salary.   There
is also an appeal from an order overruling a demurrer which
has not been argued separate and apart from the merits.

The petitioner, who had been the accountant for the city
for several years, was informed in the summer of 1955 that
he should resign.   He declined to do so.   An investigation of
his department had been made.   He was furnished with a
copy of the report of the investigation.   Specifications were
furnished.   He was heard by the board of aldermen sitting
as a committee of the whole in private session and finally,
after one of these sessions, the board went into open or pub-

lic session and voted by a majority vote to discharge the petitioner. The latter brought a petition for a writ of mandamus in the Superior Court. It was tried on February 2, 1956. The judge on February 8, 1956, made an order which was captioned "Final Judgment" and provided "that the following final judgment be and hereby is entered: Writ of mandamus to issue commanding the respondent members of the board of aldermen of the city of Newton to forthwith reinstate the petitioner to the office of comptroller of accounts of the city of Newton and commanding the respondent city of Newton to pay to the petitioner damages in the amount of $1,097.56." The respondents on February 9, 1956, appealed from the "final judgment." They took no later appeal.

An order for judgment in certiorari and mandamus cases, when the order is "decisive of the case founded upon matter of law apparent on the record," G. L. (Ter. Ed.) c. 231, § 96, is appealable under this section. *Needham* v. *County Commissioners of Norfolk*, 324 Mass. 293, 295–296. *Adamsky* v. *City Council of New Bedford*, 326 Mass. 706. But the order here involved was not of that nature. It was a direction for the entry of final judgment commanding the reinstatement of the petitioner with back salary as damages. Its entry alone did not cause the case to become ripe for judgment or the period for claiming an appeal or filing exceptions to begin to run. The respondents' appeal did not carry the case here. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460, 462. *Burnham* v. *Dollard*, 269 Mass. 530. *Watts* v. *Watts*, 312 Mass. 442. *Klier* v. *Building Inspector of Lawrence*, 333 Mass. 111, 112–113.

*Appeals dismissed.*